**THE SENATE OF THE LEGISLATURE OF AMERICAN SAMOA, LETULI TOLOA, in his capacity as Senate President, and TUILEFANO VAELA`A and TUANA`ITAU TUIA, in their capacities as Senators, Plaintiffs**

**v.**

**A.P. LUTALI, Governor of American Samoa, MALAETASI TOGAFAU, in his capacity as Attorney General of American Samoa, AITOFELE SUNIA, Treasurer of American Samoa, OPA JOSEPH IULI, Director of Program Planning and Budget Development, and SAPINI SIATU`U, Director of Human Resources, Defendants**

High Court of American Samoa
Trial Division

CA No. 40-94

March 17, 1995

---

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiffs, Arthur Ripley, Jr., Counsel for the Senate, and Gata E. Gurr, Legislative Counsel
For Defendants, Jennifer L. Joneson, Assistant Attorney General, and Elvis R.P. Patea, Assistant Attorney General

Order on Income Tax Refunds:

The Court issues this order on income tax refunds on its own initiative and without hearing.

Defendants filed a motion for new trial and to amend judgment on March 13, 1995, at 3:50 p.m., 10 minutes before the time for filing legally expired. The motion raises several questions concerning the judgment entered in this action on March 1, 1995, and has been set for hearing on April 19, 1995. The Court will rule on all but one of these questions after the hearing and due deliberation on them.

The exception concerns the application of the judgment to income tax refunds owed by the American Samoa Government ("ASG") to American Samoa's taxpayers. Compelling circumstances require that the Court deal with this question immediately and forcefully. With extensive media attention, defendants' counsel assert that the judgment may prevent ASG's Executive Branch from paying income tax refunds until ASG's Legislature appropriates fiscal year 1995 revenues for this purpose. Hence, the Executive Branch is presently withholding these

payments.

This assertion classifies taxpayers as vendors of goods and services who are owed debts by ASG. This analysis is legally ludicrous and frivolous advocacy. American Samoa's taxpayers need to promptly know that they are entitled to their income tax refunds, established in fact and law, without any further legislative action.

 ASG does not have, and cannot obtain, any ownership interest in the monies representing income tax refunds. ASG collects income taxes, through wage withholdings, periodic estimated payments and other means, with the clear-cut statutory obligation to pay refunds for overpayments. 26 U.S.C. § 6402, adopted by A.S.C.A. § 11.0403(a) as the law of American Samoa. Refund monies are the taxpayers' private funds. *In re Donley*, 242 F. Supp. 403, 407 (D.C. Mo. 1965). ASG holds these monies with the fiduciary duty to account for and refund those monies to the taxpayers as the rightful owner, with interest if not timely paid. The Legislature has neither authority to appropriate these private funds nor any legal role in the payment of the refunds.

 ASG's fiduciary obligations regarding income tax refunds are absolute, regardless of the tax year in which ASG assumes responsibility to return to its taxpayers their excess tax payments in ASG's possession. This fiduciary duty continues until the Executive Branch discharges its duty by payment of the income tax refund to the taxpayer.

### ORDER

The judgment in this action is completely unrelated to the payment of income tax refunds and provides no justification for withholding those refunds.

It is so ordered.